MARK ANTHONY ADELL,

                Plaintiff,

      v.                                   Case No. 19-C-438

DR. JEFFREY MANLOVE,
ROBERT WEINMAN,
CHRYSTAL MARCHANT, and
TONIA MOON,

                Defendants.

---

## SCREENING ORDER

---

      Plaintiff Mark Anthony Adell, who is currently serving a state prison sentence at Waupun

Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983,

alleging that his civil rights were violated. This matter comes before the court on Adell's motion

for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      Adell has requested leave to proceed without prepayment of the full filing fee (*in forma*

*pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of

the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Adell has filed a certified copy of his

prison trust account statement for the six-month period immediately preceding the filing of his

complaint, as required under 28 U.S.C. § 1915(a)(2). It appears that Adell lacks the funds to pay

an initial partial filing fee. Therefore, the court will waive the initial partial filing fee, 28 U.S.C.

§ 1915(b)(4), and grant Adell's motion to proceed *in forma pauperis*.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On September 25, 2018, while confined in Wisconsin Secure Program Facility (WSPF), Adell had a tele-med consult with a UW-Madison Hospital GI specialist to discuss a plan of care for his bowel disease, which he alleges causes him "frequent great pain, weight loss, dehydration, diarrhea, bowel urgency and a variety of other ancillary symptoms—which require daily

medications to keep such under control." Dkt. No. 1 at 4. Adell alleges that the specialist recommended he be prescribed Humira injections and loperamide. Adell also alleges that he was previously prescribed prednisone, which places him at risk of skeletal erosion and high blood pressure with daily, long-term use. He alleges that a GI specialist from a previous consult recommended he discontinue his current dosage of prednisone due to its effect on blood pressure once a replacement could be agreed upon.

Despite the GI specialist's September 25th recommendations, and Dr. Patterson's (who is presumable a WSPF physician) acknowledgment of the GI consult in Adell's progress notes, Adell apparently remained on prednisone at 30 mg daily dosage until his transfer to WCI on December 7, 2018. Adell claims that he continues to suffer dangerously high blood pressure levels, which can be "directly linked" to his continued prednisone use. *Id.* at 5. Upon intake at WCI, Adell complained of back pain, and Dr. Jeffrey Manlove was assigned as his care provider.

Adell saw Manlove on December 12th and discussed his back pain, high blood pressure, history of prednisone, and the GI specialist's September 25th recommendations. Manlove did not have all of Adell's medical records at that point. Instead of waiting until he could view the report of the GI specialist, Adell alleges that Manlove scheduled an x-ray and GI specialist tele-med consult, which effectively left Adell dealing with the harsh side effects of the prednisone for months while waiting for the consult to take place. Adell claims Manlove's notes of the December 12, 2018 visit contained "erroneous and damaging entries," which Adell later sought to correct through a "DOC-3484 request for amendment/correction." *Id.* at 7.

Manlove later prescribed Flexeril, a muscle relaxer, for Adell's back. Adell again saw Manlove on January 8, 2019, and Manlove indicated that getting Adell off steroids, i.e. prednisone,

would be desirable, but Manlove had still not seen the September 25th GI specialist recommendation at that time.

Adell saw Manlove a third time on February 15, 2019. At this appointment, Manlove prescribed another round of Flexeril, promised to order an MRI and blood testing, determined Adell's blood pressure was "ok," and preliminarily diagnosed Adell with scoliosis. The Flexeril and MRI were ordered "Stat," meaning instantly or immediately. The next day, nurse Robert Weinman saw Adell for back pain, and Weinman gave Adell Flexeril, as directed by an on-call physician. Adell claims Manlove forgot to order the Flexeril "Stat," and that Weinman refused to expedite Adell's receipt of Flexeril. Adell alleges that he was dispensed Flexeril on February 18th after he spoke with a nurse delivering refills in his housing unit. Adell reported Weinman to Chrystal Marchant, who refused to reprimand Weinman. Weinman apparently claimed that Adell reported no pain during their February 16th encounter, which Adell disputes.

Manlove allegedly altered his February 15th order from "MRI Stat" to just "MRI" in retaliation against Adell after learning that the on-call physician amended his "deficient" order. *Id.* at 11. Adell alleges that not receiving a "Stat" MRI resulted in him enduring "weeks of great back pain." *Id.* Adell alleges that Manlove has refused to see him since February 15th and that Marchant has not assigned him another provider, leaving him with continuing back pain and high blood pressure. Adell also claims that Manlove refused to take action after a nurse saw Adell on February 18th, noted his high blood pressure, and questioned why he was not stopping prednisone.

Adell claims that he reviewed his medical records at the health services unit and noticed that progress notes and physician orders from February 15, 2019, to February 18, 2019, were missing. He claims he was notified on March 23, 2019, that the missing records were found.

Near the end of the complaint, Adell claims that Inmate Complaint Examiner (ICE) Tonia Moon repeatedly rejected or refused to accept his complaints "regarding the issues and claims noted above" under erroneous pretenses. *Id.* at 12–13. Adell claims that Moon's conduct "ratifies the unconstitutional conduct of the defendants" and delays his medical care. *Id.* at 13.

### THE COURT'S ANALYSIS

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishment as a sentence for a crime. U.S. Const. amend. VIII. The Eighth Amendment protects an inmate from a governmental actor's deliberate indifference to his basic needs, including an inmate's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (holding that deliberate indifference to serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment). To state a claim for deliberate indifference to a serious medical need, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The plaintiff must allege that the official was subjectively indifferent to an imminent risk of harm. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Adell has stated a deliberate indifference claim against Dr. Manlove. Adell alleges that Dr. Manlove continued him on prednisone despite the adverse side effects he was experiencing that seriously compromised his health and despite a GI consultation from some six months earlier that recognized the harmful effects and recommended the substitution of an alternative medication to treat his chronic bowel disease. Adell also alleges objectively serious medical conditions: high blood pressure and severe back pain. *See Miller v. Larson*, 756 F. App'x 606, 610 (7th Cir. 2018) ("[H]igh blood pressure . . . is an objectively serious condition." (citation omitted)); *Main v.*

*Corizon Med. Servs.*, No. 2:16-cv-00049-WTL-MJD, 2016 WL 6996221, at *2 (S.D. Ind. Nov. 30, 2016) ("[S]evere back pain, deteriorating disc disease and scoliosis are serious medical needs."). He also sufficiently alleges Manlove's deliberate indifference to his conditions. Adell alleges that he explained his high blood pressure and the GI specialist's September 25th recommendations to Manlove on December 12, 2018, and that Manlove scheduled another GI consult in response. Manlove again saw Adell in January and February of 2019, but Manlove did not further address Adell's high blood pressure, instead choosing to reiterate that a GI consult was scheduled. These allegations are sufficient at this stage of the proceedings to state a deliberate indifference claim against Manlove. *See Perez*, 792 F.3d at 777–78.

Adell may also proceed on a retaliation claim against Manlove. "To state a First Amendment claim for retaliation, a plaintiff must allege that '(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action.'" *Id.* at 783 (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Adell alleges that he filed a "DOC-3484 request for amendment/correction" to correct errors in Manlove's clinic notes and that Manlove became "offended by [Adell's] litigation of the false entries." Dkt. No. 1 at 6–7. Construing the complaint liberally, such a request is akin to a grievance that is a constitutionally protected activity. *Perez*, 792 F.3d at 783. Adell also alleges that Manlove intentionally removed the "Stat" designation in the MRI order in retaliation against Adell challenging the accuracy of the clinic notes, thereby delaying Adell's treatment and causing him to suffer additional pain. These allegations are sufficient to state a retaliation claim. *See id.*

6

Adell may also proceed on a deliberate indifference claim against Weinman. Adell alleges that Weinman was argumentative and irritated during their February 16th meeting and that Weinman refused to email Manlove regarding Adell's concerns that he had not yet received the Flexeril Manlove ordered the previous day. While Adell will eventually be required to present evidence that the delay in his receipt of Flexeril from February 16–18 caused him some degree of harm, *see Williams v. Liefer*, 491 F.3d 710, 714–15 (7th Cir. 2007), at this screening stage, Adell's allegations that Weinman was aware of his severe back pain and non-receipt of the Flexeril Manlove ordered on February 15th yet intentionally refused to even attempt to expedite Adell's receipt of Flexeril are sufficient to state a deliberate indifference claim against Weinman. *See Perez*, 792 F.3d at 777–78 (noting that, depending on the seriousness of the condition and ease of providing treatment, even brief delays may constitute deliberate indifference).

The complaint fails to state a claim against Marchant, however. Adell alleges that Marchant repeatedly refused to reprimand Weinman for "abusive and deliberately indifferent conduct." Dkt. No. 1 at 10. A prisoner does not have a constitutional right to demand that a medical worker be disciplined, and in any event, Adell's vague allegations of abuse are insufficient to place Marchant on notice of an ongoing constitutional violation her indifference to which would subject her to liability under § 1983. *See Perez*, 792 F.3d at 781–82; *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Even were awareness of a constitutional violation alleged, Marchant's refusal to reprimand Weinman is also insufficient to raise an inference that she was deliberately indifferent. Indeed, Adell alleges that "Marchant presumably spoke to Weinman" and apparently believed Weinman's version of the February 16th event. Dkt. No. 1 at 10. That Adell ultimately disagreed with Marchant's decision and her

assessment of Weinman's credibility is not sufficient to state deliberate indifference. Nor is Adell's claim that Marchant has not assigned him another care provider enough to state a claim absent allegations that Marchant is responsible for such assignments, that WCI refuses to administer him medical care, and that he informed Marchant about the absence of care.

Similarly, Adell cannot proceed against Moon on any claims. Adell claims that Moon repeatedly rejected or refused to accept his complaints "regarding the issues and claims noted above." *Id.* at 12. Not only are these allegations too vague to state a plausible claim that Moon was aware of but deliberately ignored a constitutional violation, *see Twombly*, 550 U.S. at 555, but also "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). With respect to an access-to-courts claim against Moon, Adell fails to state a claim for failure to sufficiently allege prejudice. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Adell therefore may not proceed on any claims against Moon.

In sum, Adell may proceed on a deliberate indifference claim against Manlove and Weinman, and a retaliation claim against Manlove. He may not proceed on any other claims.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED** and his duplicate motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that all claims against Chrystal Marchant and Tonia Moon are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order

8

are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this __22nd__ day of May, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court