UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

    Plaintiff,

v.                                           Case No. 19-C-438

JEFFREY MANLOVE, et al.,

    Defendants.

## ORDER

    Plaintiff Mark Anthony Adell, a Wisconsin state prisoner, is representing himself. On May 22, 2019, the court screened Adell's complaint and allowed him to proceed, in part, on a deliberate indifference claim against defendant Dr. Jeffrey Manlove based partly on Adell's allegations that Dr. Manlove continued his prednisone prescription despite knowing Adell suffered from high blood pressure. On July 22, 2019, Defendants filed their answer; the court entered a scheduling order the next day, setting deadlines for discovery and the filing of dispositive motions. About a month later, Adell filed a motion to supplement his complaint. The court will deny the motion.

    Adell asserts that he seeks leave to supplement his complaint "on the grounds that subsequent colorable claims have arisen that merit this court's attention . . . ." ECF No. 13. Adell attaches to his motion a reproduction of his complaint, with an added paragraph bearing the headline "Supplemental Claims." ECF No. 13-1 at 13-14. In the added paragraph, Adell explains that, on July 13, 2019 (about four months after he filed his original complaint) officials at Waupun Memorial Hospital confirmed that he had suffered a stroke about a month earlier. Adell speculates that the stroke happened as a result of his high blood pressure, which allegedly was the result of Dr. Manlove continuing his prednisone prescription.

Federal Rule of Civil Procedure 15(d) gives courts discretion to allow parties to supplement their pleadings with "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The court uses the same standard to evaluates a plaintiff's request to supplement his complaint as it uses to evaluate a plaintiff's request to amend his complaint. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). Under that standard, a court need not permit a plaintiff to supplement his complaint when doing so is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Adell asserts that he wants to add a "new claim," but the information he proposes to supplement his complaint with does not give rise to a new claim. Adell is already proceeding on a claim that Dr. Manlove was deliberately indifferent to his high blood pressure. While the information Adell seeks to include may be relevant to the extent of Adell's injury or damages, there is no need for Adell to specifically plead that in his complaint. *See LNC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997) ("A plaintiff is not required to itemize his damages claims in his complaint. On the contrary, the rules of civil procedure entitle him to a judgment that grants him the relief to which he is entitled even if the complaint fails to ask for that relief.") (internal brackets and citations omitted). Accordingly, allowing Adell to supplement his complaint in the way he proposes would serve no useful purpose but would only serve to delay the resolution of this case.

**IT IS THEREFORE ORDERED** that Adell's motion to supplement (ECF No. 13) is **DENIED**.

Signed in Green Bay, Wisconsin, this 17th day of September, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
